UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BEAR STEARNS INVESTMENT
PRODUCTS, INC.,

          Plaintiff,

-vs-

GESHOA FUND and GESHOA
STRUCTURED FINANCE LTD.,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 07-CV- 7035 (JES)

**ANSWER**

**JURY TRIAL DEMANDED**

      Defendants Geshoa Fund and Geshoa Structured Finance Ltd. ("Geshoa SF") (collectively, "Geshoa" or "Defendants"), by and through their attorneys, Trachtenberg Rodes & Friedberg LLP, as and for their Answer to the Complaint of Plaintiff Bear Stearns Investment Products, Inc. ("Bear Stearns" or "Plaintiff") states as follows.

      1.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

      2.     Defendants admit the allegations contained in paragraph 2 of the Complaint, except note that the date of incorporation is not alleged and deny that the address alleged is the principal place of business of Geshoa Fund.

      3.     Defendants admit the allegations contained in paragraph 3 of the Complaint, except deny that the registration number alleged is the correct registration number and deny that the address alleged is the principal place of business of Geshoa Structured Finance Ltd.

      4.     Defendants deny the allegations contained in paragraph 4 of the Complaint.

      5.     Defendants deny the allegations contained in paragraph 5 of the Complaint.

      6.     Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint, except admit that the Complaint purports to allege claims for breach of contract and breach of the obligation to negotiate in good faith.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint, except admit that on or about April 26, 2007 Mr. Saval dispatched an email to representatives of Bear Stearns and otherwise respectfully refer the Court to the referenced email for the contents thereof.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint, and aver that the parties did not intend to be contractually bound in any way until and unless a) Bear Stearns' authorized business representatives approved and executed and delivered to Defendants final drafts of all proposed contract documents in form and substance acceptable in all respects to Defendants, and b) Defendants' boards of directors reviewed and approved the final drafts of all proposed contract documents and authorized the execution and delivery

of all such documents and an authorized representative of Defendants executed and delivered such documents to Bear Stearns.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint, except admit that for a period of time in the spring of 2007 representatives of the parties discussed a possible sale of Defendants' claims against Refco Capital Markets, Ltd. and certain of its related entities to Bear Stearns and in connection with such discussions Defendants reviewed but never approved, signed or delivered draft contract documents which had been prepared and proposed by Bear Stearns.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint and otherwise respectfully refer the Court to the referenced email for the contents thereof.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint, except admit that on or about June 28, 2007 Defendants advised Bear Stearns that the Geshoa boards of directors had not approved the sale of Geshoa's Refco claims to Bear Stearns or any other entity.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint and otherwise respectfully refer the Court to the referenced letter for the contents thereof.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint, except admit that by letter dated July 12, 2007 Defendants' counsel reiterated to Bear Stearns that no binding agreement existed, and otherwise respectfully refer the Court to the referenced letter for the contents thereof.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

## COUNT I
**(Breach of Contract)**

31. Defendants repeat and reallege each of the responses contained in paragraphs 1 through 30 hereof as if fully set forth herein.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

## COUNT II
**(Breach of the Obligation to Negotiate in Good Faith)**

36. Defendants repeat and reallege each of the responses contained in paragraphs 1 through 30 hereof as if fully set forth herein.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint and aver that Defendants have always acted in good faith.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41.  The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42.  This Court lacks subject matter jurisdiction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43.  Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44.  Plaintiff's claims are barred because no valid, binding and enforceable contract ever came into existence.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45.  Plaintiff's claims are barred by the failure of consideration.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46.  Plaintiff's claims are barred, in whole and in part, by the failure of one or more conditions precedent, including, but not limited to, the conditions that (a) no enforceable contract would go into effect until and unless Bear Stearns' authorized business representatives approved, executed and delivered to Defendants final drafts of all proposed contract documents in form and substance acceptable in all respects to Defendants, and b) no enforceable contract would go into effect until and unless Defendants' boards of directors reviewed and approved the final drafts of all proposed contract documents and authorized the execution and delivery of all such documents, and an authorized representative of Defendants executed and delivered such documents to Bear Stearns.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47. Plaintiff is barred from maintaining this action on the ground that Plaintiff has not, nor will it, suffer injury or damages as a result of any of Defendants' conduct.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred because Plaintiff has failed to mitigate its alleged damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver and laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

WHEREFORE, Defendants Geshoa Fund and Geshoa Structured Finance Ltd. respectfully demand that the Complaint be dismissed with prejudice, and that the Court grant them such other and further relief as the Court may deem to be just and proper.

Dated: New York, New York
October 12, 2007

TRACHTENBERG RODES & FRIEDBERG LLP

By: _____
David G. Trachtenberg (DGT 6675)

545 Fifth Avenue
New York, New York 10017
Tel: (212) 972-2929
Fax: (212) 972-7581

ATTORNEYS FOR DEFENDANTS
GESHOA FUND AND GESHOA STRUCTURED
FINANCE LTD.