UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

BEAR STEARNS INVESTMENT PRODUCTS
INC.,

        Plaintiff,

        -vs-

GESHOA FUND and GESHOA STRUCTURED
FINANCE LTD.,

        Defendants.

------------------------------------x

07-CV-7035 (NRB)



### STIPULATION AND PROTECTIVE ORDER
### CONCERNING CONFIDENTIALITY OF DISCOVERY MATERIALS

        IT IS HEREBY STIPULATED AND ORDERED, that to protect the legitimate interests of the parties and other persons (including non-parties) in maintaining the confidentiality of certain sensitive or proprietary information that may be disclosed during the course of this action, the undersigned parties agree and this Court (the "Court") orders as follows:

        1.    <u>Designation of Material as Confidential</u>. Any party to the above-captioned action or other person (including non-parties) that provides discovery materials (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition or through some other discovery device) or serves or files any papers in this action (hereinafter, "Material(s)") may designate such Materials as "Confidential." Any party to the above-captioned action also may designate as Confidential any Materials produced by any non-party, if the Materials are reasonably believed by the designating party to contain material which is Confidential to the designating party. A

{00322520.DOC;}

designation of Confidential shall constitute a representation by the party or person and its counsel that they, in good faith, believe that the Material so designated contains or constitutes trade secrets, confidential research, confidential personal and/or confidential commercial information.

2. <u>Information Not Confidential</u>. Information shall not be designated as Confidential if (a) it is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Stipulation and Protective Order or other obligation of confidentiality; or (b) it is acquired from a non-party in lawful possession of such information and under no obligation to the owner of the information to keep it confidential, unless the non-party producing the information invokes the protections of this Stipulation and Protective Order.

3. <u>Designation of Documents And Other Material as Confidential</u>. Documents, portions of documents, affidavits, answers to interrogatories, responses to requests for admissions and other Materials may be designated as Confidential by stamping or otherwise marking the document, the portion of the document or the Material as Confidential. Each page of Materials containing Confidential information shall be separately designated and stamped or otherwise marked. Documents need not be designated Confidential at the time they are made available for inspection, but may be so designated at the time copies are produced.

4. <u>Designation of Deposition Testimony as Confidential</u>. Any party or person may designate any deposition testimony or any portion thereof (including exhibits) as Confidential by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within ten (10) business days after actual receipt of the deposition transcript by counsel for the designating party or person.

{00322510.DOC;}   2

5. **Subsequent Designation of Materials As Confidential.** Any Material that is produced without being designated Confidential may be so designated, with respect to future disclosure, by the producing party or person or by any other party to the above-captioned case by sending a letter making such designation to each party who has received or produced such Material. Disclosure of such Material prior to its designation as Confidential shall not violate the terms of this Stipulation and Protective Order, provided, however, that where Material is subsequently designated as Confidential, the non-designating parties shall use their best efforts to retrieve such Material from persons no longer entitled to disclosure of such Materials (if any) and prevent further disclosures except as authorized in this Stipulation and Protective Order.

6. **Use of Confidential Material.** Confidential Material shall be used by the non-designating party or person only in preparation for and conduct of this action (including, but not limited to use in briefs, memoranda, amended pleadings, correspondence and other documents relating thereto) and shall not be used for any other purpose except upon the prior written consent of the designating party or person or upon prior order of the Court. Nothing in this Stipulation and Protective Order shall prevent any party or person from using or disclosing its own Confidential Material as it deems appropriate.

7. **Restrictions on the Disclosure of Material Designated as Confidential.** Confidential Material and all information contained therein or derived therefrom shall not be disclosed to, or discussed with, any person except:

    (a) outside counsel of record and in-house counsel to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this action;

    (b)    each party to this action including its employees;

    (c)    independent experts and consultants from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed by such persons), to the extent deemed reasonably necessary by counsel for the conduct of this action;

    (d)    any person who is deposed or testifies in this action, or is to be deposed or to testify in this action (for purposes of preparation for such deposition or testimony);

    (e)    the Court and other courts (including court staff and jurors); and

    (f)    court reporters, deposition transcript reporters and videographers.

Prior to the disclosure of Material which has been designated Confidential to those persons authorized under paragraphs 7(c) and (d) of this Order to receive such Material, any such person shall be provided with a copy of this Order, which he or she shall read. Upon reading this Order, such person shall sign a certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and will abide by its terms (an "Exhibit A Certification"). Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them.

    8.    <u>Protection Of Confidential Information</u>. No information designated as Confidential may be disclosed to any person or entity other than those expressly identified above, except with the prior written consent of the designating party. In the event that information designated as Confidential is disclosed orally (e.g., at a deposition, hearing or trial), the designating party shall have the right to exclude from attendance at said deposition, hearing or trial any person other than the deponent and those persons identified in paragraph 7 above

{00322520.DOC;}

4

(with respect to information designated as Confidential). A party who discloses Confidential information at a deposition, hearing or trial in accordance with this paragraph shall not be responsible for the disclosure of such protected information by persons identified in paragraphs 7(e) and 7(f), so long as that party has otherwise complied with the requirements for disclosure and use of Confidential Information set forth in this Agreement.

9. **Inadvertent Production.** If information subject to a claim of attorney-client privilege, work product or any other privilege is inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

10. **Resolution of Challenges to Designations.** Entering into, agreeing to or otherwise complying with the terms of this Stipulation and Protective Order shall not: (a) operate as an admission by any party that any particular Material which has been designated Confidential contains or reflects proprietary or sensitive commercial or personal information or other confidential matter or confidential and/or proprietary information; (b) prejudice in any way the rights of any party to apply to the Court for an Order that information designated as Confidential need not be treated as Confidential; (c) prejudice in any way the rights of any producing party or person to object to any discovery requests that seek information or documents

{00322520.DOC;}                                    5

that it considers not properly subject to discovery; (d) prejudice in any way the rights of a party to seek a determination of the Court that particular Materials should be produced; or (e) prejudice in any way the rights of a designating party or person to apply to the Court for a further protective order. No party to this action is obliged to challenge the protected status of any Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a non-designating party seeks to challenge the appropriateness of protected treatment of any Material, such party shall consult in good faith with the designating party or person in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the non-designating party may seek an order removing the Confidential designation from the disputed Material. The non-designating party shall give no less than ten (10) business days written notice to the designating party or person before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other Material that counsel contends is not entitled to protection. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the Materials are properly designated as Confidential (as the case may be) and are entitled to such protection. Any document, testimony or other Material as to which such a motion is made shall continue to be treated as Confidential until the Court rules or the motion is otherwise resolved. For good cause shown, the Court may modify the terms of this Order upon motion.

11. <u>Filing of Confidential Material Under Seal</u>. In the event any Material designated Confidential is included in, attached to, referred to, or is an exhibit to any brief, memorandum, affidavit, document or transcript which is filed with either the Court or the Clerk during the course of proceedings arising out of this action, the party using such Material shall

{00672520.DOC;}                                                6

attempt to file the same or submit it to the Court in a sealed envelope bearing the following legend:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER.
NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT."

Notwithstanding the foregoing, a second copy of any filing intended for review by the Court may be delivered to the Court's chambers provided that the cover page of the filing be marked with the caption of the case and the notation:

"CONTAINS CONFIDENTIAL INFORMATION"

Where a party wishes to include in a filing a writing containing information that has been designated Confidential, but the confidential information contained in such writing is not relevant to the purpose for which the filing is being made, the party including such writing in a filing may, in lieu of the procedures set forth above, file a redacted copy of the writing. In such event, the redaction must be indicated by placing the designation "CONFIDENTIAL INFORMATION REDACTED" in the place(s) on the writing where the confidential information would have appeared.

12. <u>Copying</u>. Written Materials containing information designated as Confidential may only be copied by the receiving party as follows:

(a) Copying of Materials containing information designated as Confidential must be done by:

    i. counsel for the receiving party;

    ii. persons employed by such counsel and under such counsel's supervision and control; or

    iii. an outside copying service engaged by counsel, with the copies made delivered directly to counsel.

{00322520.DOC;}

7

(b) The number of copies that may be made of Materials containing information designated as Confidential shall be limited to those reasonably necessary for use by counsel and persons authorized to receive copies hereunder.

13. <u>Receipt of Subpoena</u>. If any party in possession of Material designated Confidential under this Stipulation and Protective Order receives a subpoena seeking production or other disclosure of such Confidential Material, that party shall immediately provide written notification to counsel for the party or person who designated the Materials, and shall enclose a copy of the subpoena so that the designating party may seek a protective order or otherwise act to protect the confidentiality of said materials before the confidential information is disclosed.

14. <u>Return of Confidential Material Upon Termination of This Action</u>. Within 30 days after the final conclusion of this action (including any appeals) and unless the Court orders otherwise, any Material designated Confidential and any copies thereof shall be returned to the designating party or person (except that counsel to the parties may retain copies of pleadings, correspondence and work product notwithstanding the fact that such Materials may contain information based upon, or derived from, Confidential Materials); in lieu of having such Material returned, the designating party or person may elect to permit the receiving parties to destroy such Material, in which event the receiving parties shall certify in writing that all such Material has been destroyed within 30 days after the final conclusion of this action (including any appeals). The Court shall retain jurisdiction to enforce this Stipulation and Protective Order after the conclusion of this action.

15. <u>Further Protection or Relief From this Order</u>. Nothing contained in this Order shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective order relating to (i)

material designated Confidential, (ii) material which may not fall within the definitions of Confidential Material, (iii) any discovery in this case; or (b) from applying to the Court for any relief from any provision of this Order, on good cause shown. Nothing in this Order shall be construed as preventing any party from making application to the Court for revision or modification of the terms of this Order.

16. <u>Court Approval</u>. The parties agree forthwith to submit this Stipulation and Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Stipulation and Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Protective Order had been entered by the Court.

Dated: 2/11/08

By: _____
DREIER LLP
Jeffrey A. Mitchell
Michael B. Roth
E. Timothy McAuliffe, Jr.
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiff*
*Bear Stearns Investment Products Inc.*

Dated: February 11, 2008

By: _____
Trachtenberg Rodes & Friedberg LLP
David G. Trachtenberg
545 Fifth Avenue
New York, New York 10017
(212) 972-2929

*Attorneys for Defendants Geshoa Fund*
*and Geshoa Structured Finance Ltd.*

{00322520.DOC;}                                  9

IT IS SO ORDERED:

Dated: 2/13/08

_____
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
:
BEAR STEARNS INVESTMENT PRODUCTS  :   07-CV-7035 (NRB)
INC.,                              :
:
       Plaintiff,           :
:
       -vs-                 :
:
GESHOA FUND and GESHOA STRUCTURED  :
FINANCE LTD.,                      :
:
       Defendants.          :
------------------------------------------------------- x

**AGREEMENT CONCERNING MATERIAL
COVERED BY PROTECTIVE ORDER**

      The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in this action by the United States District Court for the Southern District of New York on _____, 200__, that he/she understands the terms thereof and that he/she agrees to be bound by such terms.

                                                   _____
                                                   SIGNATURE

                                                   _____
                                                   NAME (PRINTED)

                                                   _____
                                                   AFFILIATION/COMPANY

                                                   _____
                                                   DATE